## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

LARRY SMITH,                )
                                  )
          Plaintiff,       )
                                  )
   v.                      )    No. 21-cv-12070-DML-APP
                                  )    Hon. David M. Lawson
COUNTY OF WAYNE,      )
ROBERT J. DONALDSON,   )
MONICA CHILDS, GENE KARVONEN,   )
ROGER MUELLER, WALTER LOVE, and   )
JOHN DEMBINSKI,      )
                                  )
          Defendants.    )

## ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES, AND RELIANCE ON JURY DEMAND BY DEFENDANT ROBERT J. DONALDSON

     Now comes Defendant, **ROBERT J. DONALDSON**, by and through its

attorneys, **PLUNKETT COONEY** and in Answer to Plaintiff's Amended

Complaint, states as follows:

### INTRODUCTION

     1.    This is a federal civil rights action to obtain compensatory

damages, punitive damages, costs and attorneys' fees for the unlawful

detention of, use of fabricated evidence against, malicious prosecution of, and

abuse of process against Larry Smith, resulting in Mr. Smith being held in

custody in violation of his constitutional rights for almost twenty-seven years.

This action also seeks injunctive and equitable relief against the County of Wayne to reform the unconstitutional policy and/or custom that was the moving force behind the constitutional rights violations suffered by Mr. Smith.

**ANSWER:   The allegations contained in this paragraph are legal conclusions and therefore, no response is required.  To the extent a response is required, Defendant Donaldson denies any allegation of wrongdoing.**

## JURISDICTION

2.     This action is brought under 42 U.S.C. § 1983 to address the deprivation under color of law of Larry Smith's rights as secured by the United States Constitution and under state law.

**ANSWER:   In response to the allegations contained in paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

3.     The Court has jurisdiction over Larry Smith's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and has supplemental jurisdiction over Mr. Smith's state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:   In response to the allegations contained in paragraph 3, upon information and belief, it is admitted that the Court has subject matter jurisdiction in this matter.**

4.      Venue is proper under 28 U.S.C. § 1391(b) because the Eastern District of Michigan is the judicial district where the constitutional rights violations suffered by Larry Smith occurred.

**ANSWER:   In response to the allegations contained in paragraph 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

## PARTIES

5.      Plaintiff, Larry Smith is a citizen of the United States of America who at all relevant times resided in Michigan.

**ANSWER:   In response to the allegations contained in paragraph 5, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

6.      Defendant, County of Wayne ("Defendant County"), is a body corporate under Article VII, Section 1 of the Michigan Constitution. At all relevant times, Defendant County was the principal and employer of

3

Defendant, Robert J. Donaldson who acted pursuant to Defendant County's policies and customs.

**ANSWER:   In response to the allegations contained in paragraph 6, it is admitted that Wayne County is a subdivision of the State of Michigan. However, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations  and leaves Plaintiff to his proofs.**

7.     Defendant, Robert J. Donaldson ("Defendant Donaldson"), at all relevant times, was an adult resident of the State of Michigan and was an assistant prosecuting attorney for the Wayne County Prosecutor's Office ("WCPO"), which is a department of Defendant County.

**ANSWER:   In response to the allegations contained in paragraph 7 it is admitted that in the past, Wayne County employed Mr. Robert Donaldson as an assistant prosecuting attorney.  The remainder of the allegations contained in paragraph 7 are denied as untrue to the extent it references the Wayne County Prosecutor's Office as a "department" of Defendant County.**

8.     Defendant, Monica Childs ("Defendant Childs"), at all relevant times, was an adult resident of the State of Michigan and was a Detroit Police Department ("DPD") detective.

4

**ANSWER:   In response to the allegations contained in paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

9.      Defendant, Gene Karvonen ("Defendant Karvonen"), at all relevant times, was an adult resident of the State of Michigan and was a DPD police officer.

**ANSWER:   In response to the allegations contained in paragraph 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

10.      Defendant, Roger Mueller ("Defendant Mueller"), at all relevant times, was an adult resident of the State of Michigan and was a DPD police officer.

**ANSWER:   In response to the allegations contained in paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

11.     Defendant, Walter Love ("Defendant Love"), at all relevant times, was an adult resident of the State of Michigan and was a DPD police officer.

**ANSWER:   In response to the allegations contained in paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

12.     Defendant, John Dembinski ("Defendant Dembinski"), at all relevant times, was an adult resident of the State of Michigan and was a DPD police officer.

**ANSWER:   In response to the allegations contained in paragraph 12, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

# FACTS

## Facts Pertaining to the Unlawful Detention of, the Use of Fabricated Evidence against, the Malicious Prosecution of, and the Abuse of Process against Larry Smith

13.    On March 24, 1994, Kenneth Hayes ("Hayes") was fatally shot in the City of Detroit.

**ANSWER: In response to the allegations contained in paragraph 13, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

14.    Larry Smith did not shoot Hayes.

**ANSWER:   In response to the allegations contained in paragraph 14, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

15.    There was no reason to suspect or believe that Larry Smith shot Hayes.

**ANSWER:   The allegations contained in paragraph 15 are denied as untrue in the form and manner alleged and in fact.**

16.     The same day as the shooting of Hayes, Larry Smith turned himself in to the DPD after learning that the DPD were looking for him in connection with the shooting of Hayes.

**ANSWER:   In response to the allegations contained in paragraph 16, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

17.     Defendant Childs interviewed Larry Smith regarding the shooting of Hayes.

**ANSWER:   In response to the allegations contained in paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

18.     After the interview of Larry Smith, Defendant Childs prepared written notes of the interview.

**ANSWER:   In response to the allegations contained in paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

19.     In her notes of the interview, Defendant Childs claimed that when she lied to Larry Smith and told him that witnesses to the shooting of Hayes saw his face and could identify him, Mr. Smith responded that no one could have seen his face because he had a hood on when the shooting happened.

**ANSWER:   In response to the allegations contained in paragraph 19, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

20.     In her notes of the interview, Defendant Childs claimed that Larry Smith's statement about having a hood on was incriminating.

**ANSWER:   In response to the allegations contained in paragraph 20, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

21.     On March 25, 1994, Larry Smith was charged with first-degree murder and possession of a firearm in the commission of a felony for the shooting of Hayes.

**ANSWER:   In response to the allegations contained in paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

22.     Larry Smith was detained pursuant to legal process on March 27, 1994.

**ANSWER:   In response to the allegations contained in paragraph 22, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

23.     Between Larry Smith's detention in March 1994 and his trial in November 1994, Defendant Donaldson asked Defendant Childs numerous times for her notes of the interview because they were not in Mr. Smith's criminal case file.

**ANSWER:   In response to the allegations contained in paragraph 23, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

24.    Defendant Childs finally produced the notes of the interview to Defendant Donaldson in August 1994, claiming to have found the notes of the interview in a different criminal case file.

**ANSWER:   In response to the allegations contained in paragraph 24, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

25.    Defendant Childs' notes of the interview were used against Larry Smith during his trial for the shooting of Hayes.

**ANSWER:   In response to the allegations contained in paragraph 25, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

26.    Defendant Childs never showed Larry Smith her notes of the interview.

**ANSWER:   In response to the allegations contained in paragraph 26, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

27.     Larry Smith never told Defendant Childs that he had a hood on at

the time of the shooting of Hayes.

**ANSWER:   In response to the allegations contained in paragraph**

**27, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

28.     Defendant Karvonen, Defendant Mueller, and/or Defendant Love

claimed to find seven spent shell casings from a .40 caliber weapon in the area

where Hayes was shot.

**ANSWER:   In response to the allegations contained in paragraph**

**28, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

29.     The same day as the shooting of Hayes, the DPD conducted a

search of the home where Larry Smith resided.

**ANSWER:   In response to the allegations contained in paragraph**

**29, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

30.     During the search, Defendant Dembinski claimed to find an empty

box of .40 caliber bullets.

**ANSWER:   In response to the allegations contained in paragraph**

**30, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

31.     During the search, DPD Officer Keith Chisholm ("Chisholm")

claimed to find one spent .40 caliber shell casing in an empty clothes hamper

in Larry Smith's bedroom.

**ANSWER:   In response to the allegations contained in paragraph**

**31, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

32.     Chisholm took the spent .40 caliber shell casing from the clothes

hamper and placed it in his pocket.

**ANSWER:   In response to the allegations contained in paragraph**

**32, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

33.     Keeping the spent .40 caliber shell casing in his pocket, Chisholm

went to the DPD evidence room and put the casing in an envelope without

placing an identifying mark on the casing.

**ANSWER:   In response to the allegations contained in paragraph**

**33, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

34.     The one spent .40 caliber shell casing allegedly found by Chisholm

was kept separately in the DPD evidence room from the seven spent .40

caliber shell casings allegedly found in the area where Hayes was shot.

**ANSWER:   In response to the allegations contained in paragraph**

**34, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

35.     Prior to the trial of Larry Smith, the DPD removed the one spent

.40 caliber shell casing allegedly found by Chisholm from the DPD evidence

room and returned it several days later.

**ANSWER:   In response to the allegations contained in paragraph 35, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

36.    DPD did not remove any of the seven spent .40 caliber shell casings allegedly found in the area where Hayes was shot from the DPD evidence room.

**ANSWER:   In response to the allegations contained in paragraph 36, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

37.    Larry Smith did not have any spent .40 caliber shell casings in his bedroom or anywhere in his residence.

**ANSWER:   In response to the allegations contained in paragraph 37, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

38.    Larry Smith did not have an empty box of .40 caliber bullets in his bedroom or anywhere in his residence.

**ANSWER:   In response to the allegations contained in paragraph 38, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

39.     The trial of Larry Smith for the shooting of Hayes began on November 22, 1994.

**ANSWER:   The allegations contained in paragraph 39 are admitted.**

40.     At the trial of Larry Smith, Defendant Karvonen and Defendant Mueller falsely testified that they found spent .40 caliber shell casings in the area where Hayes was shot.

**ANSWER:   In response to the allegations contained in paragraph 40, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

41.     The spent .40 caliber shell casings allegedly found by Defendant Karvonen, Defendant Mueller, and/or Defendant Love were used against Larry Smith during his trial.

**ANSWER:   In response to the allegations contained in paragraph 41, Defendant is without knowledge or information sufficient to**

16

**form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

42.     The report created by Defendant Mueller about allegedly finding the spent .40 caliber shell casings was used against Larry Smith during his trial.

**ANSWER:   In response to the allegations contained in paragraph 42, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

43.     At the trial of Larry Smith, Chisholm falsely testified that he found one spent .40 caliber shell casing in an empty clothes hamper in Mr. Smith's bedroom.

**ANSWER:   In response to the allegations contained in paragraph 43, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

44.     The one spent .40 caliber shell casing allegedly found by Chisholm was used against Larry Smith during his trial.

**ANSWER: In response to the allegations contained in paragraph 44, Defendant is without knowledge or information sufficient to form a**

**belief as to the truth of the allegations contained therein and leaves**

**Plaintiff to his proofs.**

45.     At the trial of Larry Smith, Defendant Dembinski falsely testified

that he found an empty box of .40 caliber bullets in Mr. Smith's bedroom.

**ANSWER:   In response to the allegations contained in paragraph**

**45, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

46.     The empty box of .40 caliber bullets allegedly found by Defendant

Dembinski was used against Larry Smith during his trial.

**ANSWER:   In response to the allegations contained in paragraph**

**46, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

47.     The bullets recovered from Hayes's body after the shooting were

.32 caliber and could not have been fired from a .40 caliber weapon.

**ANSWER:   In response to the allegations contained in paragraph**

**47, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

18

48.     Edward Chico Allen ("Allen") was in the DPD headquarters 9th floor lockup at the same time as Larry Smith.

**ANSWER:   In response to the allegations contained in paragraph 48, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

49.     Allen was awaiting trial on charges of armed robbery for which he faced a possible sentence of life in prison.

**ANSWER:   In response to the allegations contained in paragraph 49, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

50.     Defendant Donaldson and/or Defendant Childs promised Allen leniency in his criminal case if he falsely testified that Larry Smith bragged about shooting Hayes.

**ANSWER:   To the extent the allegations contained in paragraph 50 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact.**

51.     Defendant Donaldson and/or Defendant Childs promised Allen housing at the DPD headquarters 9th floor lock-up instead of the jail if he falsely testified that Larry Smith bragged about shooting Hayes.

**ANSWER:   To the extent the allegations contained in paragraph 50 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact.**

52.     While housed at the DPD headquarters 9th floor lock-up, Allen was able to have outside visitors bring him food and drugs.

**ANSWER:   In response to the allegations contained in paragraph 52, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

53.     While housed at the DPD headquarters 9th floor lock-up, Allen was able to have guests brought to the witness rooms to have sex.

**ANSWER:   In response to the allegations contained in paragraph 53, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

54.     At the trial of Larry Smith, Allen falsely testified that Mr. Smith had confessed to shooting Hayes.

**ANSWER:   In response to the allegations contained in paragraph 54, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

55.    At no time did Larry Smith tell Allen that he shot Hayes.

**ANSWER:   In response to the allegations contained in paragraph 55, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

56.    On November 25, 1994, Larry Smith was convicted of first-degree murder and possession of a firearm in the commission of a felony.

**ANSWER:   In response to the allegations contained in paragraph 56, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

57.    After Allen falsely testified against Larry Smith, Defendant Childs and Allen had a sexual relationship.

**ANSWER:   In response to the allegations contained in paragraph 57, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

58.     Defendant Childs would remove Allen from the DPD headquarters

9th floor lock-up under the pretext of police business and then take Allen to a

hotel to have sex.

**ANSWER:   In response to the allegations contained in paragraph**

**58, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

59.     On December 22, 1994, Larry Smith was sentenced to life in

prison without the possibility of parole.

**ANSWER:   In response to the allegations contained in paragraph**

**59, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

60.     In 2003, Allen admitted to Larry Smith that he lied during the trial

when he testified that Mr. Smith confessed to shooting Hayes.

**ANSWER:   In response to the allegations contained in paragraph**

**60, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

61.     When the significant error rates by the DPD Crime Laboratory became public knowledge in 2008 after an audit by the Michigan State Police ("MSP"), Larry Smith requested that the ballistics evidence from the Hayes shooting case be re-tested by the MSP.

**ANSWER:   In response to the allegations contained in paragraph 61, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

62.     The MSP's review of the ballistics evidence determined that the one spent .40 caliber shell casing allegedly found in Larry Smith's bedroom had been destroyed, while the seven spent .40 caliber shell casings allegedly found in the area where Hayes had been fatally shot had not been destroyed.

**ANSWER:   In response to the allegations contained in paragraph 62, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

63.     After recognizing that Larry Smith's criminal trial was unfair, the WCPO agreed that Mr. Smith's convictions should be vacated and that all charges against Mr. Smith should be dismissed.

**ANSWER:   In response to the allegations contained in paragraph 63, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

64.     On February 4, 2021, the Third Judicial Circuit Court of Michigan terminated the criminal proceedings against Larry Smith in his favor by vacating his convictions, dismissing all charges against him, and ordering that he immediately be released from prison.

**ANSWER:   In response to the allegations contained in paragraph 64, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

65.     Larry Smith was released from prison on February 4, 2021.

**ANSWER:   In response to the allegations contained in paragraph 65, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

66.     Larry Smith was in custody from March 24, 1994 to February 4, 2021.

**ANSWER:   In response to the allegations contained in paragraph 66, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

67.     The conduct of Defendant Donaldson, Defendant Childs, Defendant Karvonen, Defendant Mueller, Defendant Love, and Defendant Dembinski, as set forth in the preceding paragraphs, resulted in damages and injuries to Larry Smith, including but not limited to loss of liberty, physical injury and sickness, and severe emotional pain and suffering.

**ANSWER:   In response to the allegations contained in paragraph 67, Defendant denies as untrue the allegations as it pertains to Mr. Donaldson.  As to the remainder of the allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

68.     The conduct of Defendant Donaldson, Defendant Childs, Defendant Karvonen, Defendant Mueller, Defendant Love, and Defendant Dembinski, as set forth in the preceding paragraphs, was a proximate cause of Larry Smith's damages and injuries.

**ANSWER:   In response to the allegations contained in paragraph 68, Defendant denies as untrue the allegations as it pertains to Mr. Donaldson.  As to the remainder of the allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

69.     The conduct of Defendant Donaldson, Defendant Childs, Defendant Karvonen, Defendant Mueller, Defendant Love, and Defendant Dembinski, as set forth in the preceding paragraphs, was objectively unreasonable, intentional, purposeful, knowing, willful, wanton, and/or reckless, and was undertaken with malice and/or reckless disregard of Larry Smith's constitutional rights.

**ANSWER:   In response to the allegations contained in paragraph 69, Defendant denies as untrue the allegations as it pertains to Mr. Donaldson.  As to the remainder of the allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

**Facts Pertaining to Defendant County's Unconstitutional Policy and/or Custom of the WCPO Obtaining False Statements and False Testimony for Use Against Criminal Defendants**

70.     The policymakers for Defendant County and the WCPO are the Wayne County Executive, the Wayne County Commission, and/or the Wayne County Prosecutor.

**ANSWER:   In response to the allegations contained in paragraph 70, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs..**

71.     As will be set forth below, Defendant County had/has a policy of the WCPO obtaining false statements and false testimony for use against criminal Defendants.

**ANSWER:   The allegations contained in paragraph 71 are denied as untrue.**

72.     As will be set forth below, Defendant County had/has a custom of tolerance and/or acquiescence of the WCPO obtaining false statements and false testimony for use against criminal Defendants.

**ANSWER:   The allegations contained in paragraph 72 are denied as untrue in the form and manner alleged and in fact.**

73.     Defendant County's policymakers were/are aware of the policy and/or custom of the WCPO obtaining false statements and false testimony for

use against criminal Defendants prior to and after the constitutional violations

suffered by Larry Smith, but have failed to take action to remedy the problem.

**ANSWER:   The allegations contained in paragraph 73 are denied**

**as untrue in the form and manner alleged and in fact.**

74.     As will be set forth below, Defendant County had/has a policy of

the WCPO concealing the fact that the statements and testimony were false

from courts and criminal Defendants.

**ANSWER:   The allegations contained in paragraph 74 are denied**

**as untrue in the form and manner alleged and in fact.**

75.     As will be set forth below, Defendant County had/has a custom of

tolerance and/or acquiescence of the WCPO concealing the fact that the

statements and testimony were false from courts and criminal Defendants.

**ANSWER:   The allegations contained in paragraph 75 are denied**

**as untrue in the form and manner alleged and in fact.**

76.     Defendant County's policymakers were/are aware of the policy

and/or custom of the WCPO. concealing the fact that the statements and

testimony were false from courts and criminal Defendants prior to and after

the constitutional violations suffered by Larry Smith, but have failed to take

action to remedy the problem.

**ANSWER:   The allegations contained in paragraph 76 are denied as untrue in the form and manner alleged and in fact.**

77.     Defendant County, the WCPO and the DPD had/have a pattern and practice where prisoner informants were/are planted in the DPD headquarters 9th floor lock-up to lie by claiming that their fellow prisoners confessed to crimes.

**ANSWER:   To the extent the allegations contained in paragraph 77 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remainder of the allegations, Defendant is without knowledge sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

78.     Defendant County, the WCPO and the DPD have used these fabricated confessions against criminal Defendants to bolster weak cases, such as the case against Larry Smith.

**ANSWER:   To the extent the allegations contained in paragraph 78 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remainder of the allegations, Defendant is without knowledge sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

79.     Defendant County, the WCPO, and the DPD have used these fabricated confessions to obtain criminal convictions in cases where the conviction could not have been obtained without the fabricated confessions, such as the case against Larry Smith.

**ANSWER:   To the extent the allegations contained in paragraph 79 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remainder of the allegations, Defendant is without knowledge sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

80.     Defendant County, the WCPO, and the DPD did not use these fabricated confessions for the purpose of bringing criminal offenders to justice, but instead to obtain criminal convictions regardless of innocence, such as the case against Larry Smith.

**ANSWER:   To the extent the allegations contained in paragraph 80 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remainder of the allegations, Defendant is without knowledge sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

81.    The prisoner informants falsely testified to the fabricated confessions at the criminal trials of their fellow prisoners, such as the case against Larry Smith.

**ANSWER:   In response to the allegations contained in paragraph 81, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

82.    Defendant County, the WCPO, and/or the DPD provided favors and/or lenient treatment to the prisoner informants in exchange for the informants fabricating confessions from their fellow prisoners and/or for falsely testifying to the fabricated confessions.

**ANSWER:   To the extent the allegations contained in paragraph 82 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remainder of the allegations, Defendant is without knowledge sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

83.    Prisoner informants housed at the DPD headquarters 9th floor lock-up received favors not available at the jail or to non-informants at the lock-up in exchange for the informants' false statements and/or false testimony.

31

**ANSWER:   In response to the allegations contained in paragraph 83, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

84.     Prisoner informants have been able to have outside visitors bring them food and drugs.

**ANSWER:   In response to the allegations contained in paragraph 84, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

85.     Prisoner informants have been able to invite guests to the DPD headquarters for sex.

**ANSWER:   In response to the allegations contained in paragraph 85, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

86.     For example, Allen is a long-time provider of false statements and testimony for Defendant County, the WCPO, and/or the DPD, both before and after he made false statements about and falsely testified against Larry Smith.

32

**ANSWER:   In response to the allegations contained in paragraph 86, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

87.     Defendant County, the WCPO, and/or the DPD provided Allen with immunity from prosecution, sexual favours, drugs, food, and/or money in exchange for Allen's false statements and false testimony.

**ANSWER:   To the extent the allegations contained in paragraph 87 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remainder of the allegations, Defendant is without knowledge sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

88.     Besides the case against Larry Smith, Allen provided false statements and false testimony in numerous other murder cases for Defendant County, the WCPO, and/or the DPD.

**ANSWER:   In response to the allegations contained in paragraph 88, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

89.     Allen was shown police reports so that he could falsely state and testify that his fellow prisoners confessed to the information contained in the police reports.

**ANSWER:   In response to the allegations contained in paragraph 89, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

90.     Another example of prisoner informants to whom Defendant County, the WCPO, and/or the DPD gave leniency in exchange for fabricated prisoner confessions is Joe Twilley ("Twilley").

**ANSWER:   To the extent the allegations contained in paragraph 90 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remainder of the allegations, Defendant is without knowledge sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

91.     Twilley acted as a prisoner informant providing false statements and/or false testimony in approximately 20 homicide cases.

**ANSWER:   In response to the allegations contained in paragraph 91, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

92.     In exchange for acting as a prisoner informant, Defendant County, the WCPO, and the DPD agreed that Twilley's criminal sentence of 12-25 years should be reduced to less than five years and that Twilley be released from custody.

**ANSWER:   In response to the allegations contained in paragraph 92, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

93.     On July 27, 1994, the Recorders Court for the County of Wayne held an *in camera* hearing regarding Twilley acting as an informant for Defendant County, the WCPO, and/or the DPD.

**ANSWER:   In response to the allegations contained in paragraph 93, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

94.     Rosemary Gordon ("Gordon") appeared for the WCPO at the hearing.

**ANSWER: In response to the allegations contained in paragraph 94, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

95.     Gordon agreed that the hearing should be a suppressed hearing.

**ANSWER: In response to the allegations contained in paragraph 95, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

96.     During the hearing, DPD Sergeant Dale Collins testified that Twilley had testified in at least 20 homicide cases.

**ANSWER: In response to the allegations contained in paragraph 96, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

97.     During the hearing, Defendant Collins testified that Twilley had assisted with numerous homicide investigations.

**ANSWER: In response to the allegations contained in paragraph 97, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein
and leaves Plaintiff to his proofs.**

98.    During the hearing, Defendant Collins testified that there were
several homicide cases that could not have been prosecuted with Twilley's
testimony, including a recent homicide case.

**ANSWER:   In response to the allegations contained in paragraph
98, Defendant is without knowledge or information sufficient to
form a belief as to the truth of the allegations contained therein
and leaves Plaintiff to his proofs.**

99.    During the hearing, Gordon stated that Twilley had been
extremely helpful to WCPO prosecutor Thomas Beadle ("Beadle") in an
arson/homicide case.

**ANSWER:   In response to the allegations contained in paragraph
99, Defendant is without knowledge or information sufficient to
form a belief as to the truth of the allegations contained therein
and leaves Plaintiff to his proofs.**

100.    During the hearing, Gordon stated that Beadle supported
consideration for Twilley.

**ANSWER:   In response to the allegations contained in paragraph
100, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

101.    During the hearing, Gordon stated that she learned from other people who worked for the WCPO that Twilley had come to court to testify on numerous occasions.

**ANSWER:   In response to the allegations contained in paragraph 101, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

102.    On July 29, 1994, the Recorders Court for Defendant County held a sentencing hearing for Twilley.

**ANSWER:   In response to the allegations contained in paragraph 102, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

103.    Michael J. King ("King") appeared for the WCPO at the hearing.

**ANSWER:   In response to the allegations contained in paragraph 103, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

104.    During the hearing, the Court re-sentenced Twilley to less than five years and ordered his immediate release so that he did not have to return to prison.

**ANSWER:   In response to the allegations contained in paragraph 104, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

105.    King did not object to Twilley's re-sentencing and his release from prison.

**ANSWER:   In response to the allegations contained in paragraph 105, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

106.    Another example of prisoner informants to whom Defendant County, the WCPO, and/or the DPD gave leniency in exchange for prisoner confessions is John Davis, also known as John Hewitt-El ("Hewitt-El").

**ANSWER:   In response to the allegations contained in paragraph 106, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

107.    Hewitt-El falsely testified in four murder cases prosecuted by
Defendant County, the WCPO, and the DPD.

> **ANSWER:   In response to the allegations contained in paragraph
> 107, Defendant is without knowledge or information sufficient to
> form a belief as to the truth of the allegations contained therein
> and leaves Plaintiff to his proofs.**

108.    On September 6, 1995, attorney William Daniel ("Daniel") sent a
letter to WCPO Chief Prosecuting Attorney John O'Hair ("O'Hair") about
Hewitt-El's false testimony.

> **ANSWER:   In response to the allegations contained in paragraph
> 108, Defendant is without knowledge or information sufficient to
> form a belief as to the truth of the allegations contained therein
> and leaves Plaintiff to his proofs.**

109.    In the letter Daniel stated that he was the attorney for Anton
Mann ("Mann") who was charged with murder by WCPO attorney Tom
Dawson ("Dawson").

> **ANSWER:   In response to the allegations contained in paragraph
> 109, Defendant is without knowledge or information sufficient to
> form a belief as to the truth of the allegations contained therein
> and leaves Plaintiff to his proofs.**

110.   In the letter, Daniel stated that Dawson told him to speak to Mary O'Connell ("O'Connell") who was the attorney for Hewitt-El.

**ANSWER:   In response to the allegations contained in paragraph 110, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

111.   In the letter, Daniel stated that Hewitt-El testified during a Preliminary Examination Hearing that Mann had confessed to the murder when Mann and Hewitt-El were both in custody at the 9th floor lockup of DPD headquarters.

**ANSWER:   In response to the allegations contained in paragraph 111, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

112.   In the letter, Daniel stated that O'Connell told him that Hewitt-El recanted his testimony about Mann's admission and would take the Fifth Amendment at Mann's trial.

**ANSWER:   In response to the allegations contained in paragraph 112, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

113.    In the letter, Daniel stated that O'Connell told him that Hewitt-El is a witness in three or four other murder cases where Hewitt-El falsely claimed that the Defendants had confessed to the murders to Hewitt-El while they were in custody at the 9th floor lockup of DPD headquarters.

**ANSWER:   In response to the allegations contained in paragraph 113, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

114.    In the letter, Daniel stated that he spoke with attorneys Robert Slameka and Ben Gorek who also represented clients whom Hewitt-El falsely testified against.

**ANSWER:   In response to the allegations contained in paragraph 114, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

115.    Daniel concluded the letter by stating that he was seeking the WCPO's guidance and to raise concern about fabricated confessions on behalf of his client, as an officer of the court, and as a citizen of the community.

**ANSWER:   In response to the allegations contained in paragraph 115, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

116.   In 1998, Hewitt-El wrote a letter to an individual named Islam Lacino-X.

**ANSWER:   In response to the allegations contained in paragraph 116, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

117.   In the letter, Hewitt-El identified Twilley, Oliver Cowan ("Cowan"), Allen Bey, and an individual named Terry as inmate informants in the 9th floor lockup at DPD headquarters.

**ANSWER:   In response to the allegations contained in paragraph 117, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

118.   In the letter, Hewitt El stated that both the DPD and the WCPO knew about inmate informants in the 9th floor lockup at DPD headquarters providing false confessions in exchange for favors and deals.

**ANSWER:   In response to the allegations contained in paragraph 118, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

119.   On June 27, 2001, Hewitt-El signed an affidavit regarding his false testimony in criminal cases.

**ANSWER:   In response to the allegations contained in paragraph 119, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

120.   In the affidavit, Hewitt-El stated that DPD detectives from the homicide unit promised to help him if he testified to overhearing confessions from his fellow inmates in the 9th floor lockup of DPD headquarters.

**ANSWER:   In response to the allegations contained in paragraph 120, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

121.   In the affidavit, Hewitt-El stated that DPD detectives from the homicide unit provided him with the information he would need to testify.

**ANSWER:   In response to the allegations contained in paragraph 121, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

122.   On November 25, 2003, there was a Motion for Relief from Judgment Hearing in the criminal proceedings against Ramon Ward.

**ANSWER:   In response to the allegations contained in paragraph 122, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

123.   Janet Napp appeared for the WCPO at the Motion for Relief from Judgment Hearing.

**ANSWER:   In response to the allegations contained in paragraph 123, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

124.   Hewitt-El testified at the Motion for Relief from Judgment Hearing.

**ANSWER:   In response to the allegations contained in paragraph 124, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

125.   Hewitt-El testified at the Motion for Relief from Judgment Hearing that Cowan told him that he could receive a deal in his murder case like Cowan and Twilley did if he helped in the Andre Grayson murder case.

**ANSWER:   In response to the allegations contained in paragraph 125, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

126.   Hewitt-El testified at the Motion for Relief from Judgment Hearing that Twilley told him that the DPD gave Twilley information that Twilley could testify to in exchange for a plea deal in Twilley's criminal case.

**ANSWER:   In response to the allegations contained in paragraph 126, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

127.   Hewitt-El testified at the Motion for Relief from Judgment Hearing that the DPD supplied him with the information that he could testify to in three different cases, but Hewitt-El took the Fifth Amendment as to whether he lied in the three cases.

**ANSWER:   In response to the allegations contained in paragraph 127, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

128.   Hewitt-El testified at the Motion for Relief from Judgment Hearing that the DPD provided him with conjugal visits while in the 9th floor lockup of DPD headquarters in exchange for his help in the criminal cases.

**ANSWER:   In response to the allegations contained in paragraph 128, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

129.   Hewitt-El testified at the Motion for Relief from Judgment Hearing that he received marijuana and alcohol while in the 9th floor lockup of DPD headquarters in exchange for his help in the criminal cases.

**ANSWER:   In response to the allegations contained in paragraph 129, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

130.     Another example of inmate informants to whom Defendant

County, the WCPO and/or the DPD gave leniency in exchange for fabricated

inmate confessions is Cowan.

**ANSWER:    To the extent the allegations contained in paragraph**

**130 pertain to this Defendant, same are denied as untrue. As to the**

**remainder of the allegations, Defendant is without knowledge or**

**information sufficient to form a belief as to the truth of same and**

**leaves Plaintiff to his proofs.**

131.     Cowan falsely testified in six murder cases prosecuted by the

WCPO and the DPD.

**ANSWER:    In response to the allegations contained in paragraph**

**131, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

132.     In exchange for acting as an inmate informant, the WCPO and the

DPD agreed that Cowan's possible criminal sentence of 5-15 years be limited

to only one year in jail and one year of probation.

**ANSWER:    In response to the allegations contained in paragraph**

**132, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

133.   In 1995, Robert Agacinski ("Agacinski") was the Deputy Chief Assistant Prosecutor for the WCPO.

**ANSWER:   In response to the allegations contained in paragraph 133, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

134.   In 1995, several attorneys for criminal Defendants expressed concerns to Agacinski about the practice of placing prisoner informants in the DPD headquarters 9th floor lockup to obtain confessions from their fellow prisoners.

**ANSWER:   In response to the allegations contained in paragraph 134, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

135.   In response to the concerns expressed by the attorneys, Agacinski wrote a memorandum to WCPO Chief of Operations Richard Padzieski ("Padzieski").

**ANSWER     In response to the allegations contained in paragraph 135, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

136.   In the memorandum, Agacinski stated that he had been told that prisoner informants lie about overhearing confessions and/or fabricate confessions to receive deals or favors promised to them.

**ANSWER     In response to the allegations contained in paragraph 61, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

137.   In the memorandum, Agacinski identified Twilley and Cowan as prisoner informants who testified to fellow prisoner confessions in several criminal cases.

**ANSWER     In response to the allegations contained in paragraph 61, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

138.   In the memorandum, Agacinski stated that Twilley and Cowan obtained a confession in a criminal case Agacinski had tried the prior month, which likely was a reference to the Ramon Ward criminal case.

**ANSWER    In response to the allegations contained in paragraph 61, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

139.   In addition to Twilley and Hewitt-El, Agacinski's memo identified Solomon Tolbert who acted as a prisoner informant.

**ANSWER    In response to the allegations contained in paragraph 61, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

140.   In response to Agacinski's memorandum, WCPO Chief of Research, Training, and Appeals Timothy A. Baughman ("Baughman") also wrote a memorandum to Padzieski.

**ANSWER:   In response to the allegations contained in paragraph 140, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

51

141.   In his memorandum, Baughman noted that prisoner informants frequently provide false testimony of other prisoners' confessions to obtain compensation for their testimony.

**ANSWER:   In response to the allegations contained in paragraph 141, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

142.   Numerous individuals have been wrongfully convicted as a result of Defendant County's widespread policy and/or custom of the WCPO obtaining false statements and false testimony for use against criminal Defendants and concealing the fact that the statements and testimony were false from courts and criminal Defendants, including but not limited to Larry Smith and the additional examples set forth below.

**ANSWER:   The allegations contained in paragraph 142 are denied as untrue in the form and manner alleged and in fact.**

143.   Bernard Howard was wrongfully convicted of murder based upon a prisoner informant's false statement that Mr. Howard's co-Defendants had implicated Mr. Howard in the crime.

**ANSWER:   In response to the allegations contained in paragraph 143, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

144.    Ramon Ward was wrongfully convicted of murder based upon the

false testimony from two prisoner informants that Mr. Ward had confessed to

the crime.

**ANSWER:   In response to the allegations contained in paragraph**

**144, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

145.    Lacino Hamilton was wrongfully convicted of murder based upon

the false testimony from a prisoner informant that Mr. Hamilton had

confessed to the crime.

**ANSWER:   In response to the allegations contained in paragraph**

**145, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

146.    Defendant County's policy and/or custom of the WCPO obtaining

false statements and false testimony for use against criminal Defendants and

concealing the fact that the statements and testimony were false from courts

in criminal cases and from criminal Defendants was and/or is so widespread

that 27 wrongfully-convicted individuals who spent a total of 415 years

wrongfully imprisoned have been exonerated since 2018.

**ANSWER:   The allegations contained in paragraph 146 are denied**

**as untrue in the form and manner alleged and in fact.**

147.   In 2020, a total of 120 wrongfully-convicted individuals were

exonerated in the entire United States of America.

**ANSWER:   In response to the allegations contained in paragraph**

**147, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

148.   Defendant County and its policymakers had/have actual

knowledge of the policy and/or custom of the WCPO obtaining false

statements and false testimony for use against criminal Defendants and

concealing the fact that the statements and testimony were false from courts

in criminal cases and from criminal Defendants, yet have taken no action to

remedy the problems.

**ANSWER:   The allegations contained in paragraph 148 are denied**

**as untrue in the form and manner alleged and in fact.**

149.   Defendant County and its policymakers approved the policy

and/or custom of the WCPO obtaining false statements and false testimony for

use against criminal Defendants and concealing the fact that the statements

and testimony were false from courts in criminal cases and from criminal

Defendants, and were deliberately indifferent to the resulting constitutional

violations including, but not limited to, unlawful detentions pursuant to legal

process, the use of fabricated evidence at criminal trials, and malicious

prosecutions.

**ANSWER:   The allegations contained in paragraph 149 are denied**

**as untrue in the form and manner alleged and in fact.**

150.   Defendant County and its policymakers disregarded the known

and obvious consequence of the constitutional violations that resulted from

the policy and/or custom of the WCPO obtaining false statements and false

testimony for use against criminal Defendants and concealing the fact that the

statements and testimony were false from courts in criminal cases and from

criminal Defendants.

**ANSWER:   The allegations contained in paragraph 150 are denied**

**as untrue in the form and manner alleged and in fact.**

151.   Defendant County's policy and/or custom of the WCPO obtaining

false statements and false testimony for use against criminal Defendants and

concealing the fact that the statements and testimony were false from courts

in criminal cases and from criminal Defendants was a proximate cause of

Larry Smith's damages and injuries.

**ANSWER:   The allegations contained in paragraph 151 are denied as untrue in the form and manner alleged and in fact.**

152.   Defendant County's policy and/or custom of the WCPO obtaining false statements and false testimony for use against criminal Defendants and concealing the fact that the statements and testimony were false from courts in criminal cases and from criminal Defendants may continue to this day.

**ANSWER:   The allegations contained in paragraph 152 are denied as untrue in the form and manner alleged and in fact.**

## CAUSES OF ACTION

### COUNT I:  42 U.S.C. § 1983 – Unlawful Detention Pursuant to Legal Process Against Defendant Donaldson, Defendant Childs, Defendant Karvonen, Defendant Mueller, Defendant Love, and Defendant Dembinski

153.   Larry Smith hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

**ANSWER:   Defendant incorporates by reference paragraphs 1 through 152 as if fully restated herein.**

154.   Larry Smith was detained pursuant to legal process based upon evidence fabricated by the above-named individual Defendants.

**ANSWER:   To the extent the allegations contained in paragraph 154 pertain to Defendant Donaldson, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

155.   There was neither probable cause nor reasonable suspicion to detain Larry Smith.

**ANSWER:   To the extent the allegations contained in paragraph 155 pertain to Defendant Donaldson, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

156.   The above-named individual Defendants acted under of color of law.

**ANSWER:   In response to the allegations contained in paragraph 156, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

157.   The unlawful detention of Larry Smith resulted in damages and injuries to Mr. Smith.

**ANSWER:   To the extent the allegations contained in paragraph 157 pertain to Defendant Donaldson, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

158.   The unlawful detention of Larry Smith was undertaken pursuant to Defendant County's policy and/or custom of the WCPO obtaining false statements and false testimony for use against criminal Defendants, as set forth above.

**ANSWER:   The allegations contained in paragraph 158 are denied as untrue in the form and manner alleged and in fact.**

**COUNT II:  42 U.S.C. § 1983 – Due Process/Fair Trial:  Fabrication of Evidence Against Defendant Donaldson, Defendant Childs, Defendant Karvonen, Defendant Mueller, Defendant Love, and Defendant Dembinski**

159.   Larry Smith hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

**ANSWER:   Defendant incorporates by reference paragraphs 1 through 158 as if fully restated herein.**

160.   The above-named individual Defendants knowingly fabricated evidence that was used against Larry Smith at his criminal trial.

**ANSWER:   To the extent the allegations contained in paragraph 160 pertain to Mr. Donaldson, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

161.   The evidence fabricated by the above-named individual Defendants affected the decision of the jury which convicted Larry Smith.

**ANSWER:   To the extent the allegations contained in paragraph 161 pertain to DefendantDonaldson, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

162.   The above-named individual Defendants acted under color of law.

**ANSWER:   In response to the allegations contained in paragraph 162, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

163.   The fabrication of evidence by the above-named individual

Defendants resulted in damages and injuries to Larry Smith.

**ANSWER:   To the extent the allegations contained in paragraph**

**163 pertain to this Defendant same are denied as untrue in the**

**form and manner alleged and in fact. Defendant is without**

**knowledge or information sufficient to form a belief as to the truth**

**of the remaining allegations.**

164.   The fabrication of evidence against Larry Smith was undertaken

pursuant to Defendant County's policy and/or custom of the WCPO obtaining

false statements and false testimony for use against criminal Defendants, as

set forth above.

**ANSWER:   The allegations contained in paragraph 164 are denied**

**as untrue in the form and manner alleged and in fact.**

**COUNT III:  42 U.S.C. § 1983 – Malicious Prosecution Against Defendant
Donaldson, Defendant Childs, Defendant Karvonen, Defendant Mueller,
Defendant Love, and Defendant Dembinski**

165.   Larry Smith hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

**ANSWER:   Defendant incorporates by reference paragraphs 1 through 164 as if fully restated herein.**

166.   A criminal proceeding was initiated against Larry Smith and the above-named individual Defendants made, influenced, and/or participated in the decision to prosecute.

**ANSWER:   To the extent the allegations contained in paragraph 166 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

167.   There was a lack of probable cause for the criminal prosecution against Larry Smith.

**ANSWER:   To the extent the allegations contained in paragraph 167 pertain to this Defendant same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

168.   As a consequence of the legal proceeding, Larry Smith suffered a deprivation of liberty apart from the initial seizure.

**ANSWER:   To the extent the allegations contained in paragraph 168 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

169.   The criminal proceedings against Larry Smith have been resolved in Mr. Smith's favor.

**ANSWER:   The allegations contained in paragraph 169 are denied as untrue in the form and manner alleged and in fact.**

170.   The malicious prosecution by the above-named individual Defendants resulted in damages and injuries to Larry Smith.

**ANSWER:   To the extent the allegations contained in paragraph 170 pertain to this Defendant same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

171.   The malicious prosecution of Larry Smith was undertaken pursuant to Defendant County's policy and/or custom of the WCPO obtaining

false statements and false testimony for use against criminal Defendants, as set forth above.

> **ANSWER:   The allegations contained in paragraph 171 are denied as untrue in the form and manner alleged and in fact.**

### COUNT IV:  42 U.S.C. § 1983 – Conspiracy Against Defendant Donaldson, Defendant Childs, Defendant Karvonen, Defendant Mueller, Defendant Love, and Defendant Dembinski

172.   Larry Smith hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

> **ANSWER:   Defendant incorporates by reference paragraphs 1 through 171 as if fully restated herein.**

173.   The above-named individual Defendants had a single plan to convict Larry Smith for the shooting of Hayes.

> **ANSWER:   To the extent the allegations contained in paragraph 173 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

174.    The above-named individual Defendants shared a conspiratorial objective to deprive Larry Smith of his constitutional rights.

**ANSWER:   To the extent the allegations contained in paragraph 174 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

175.    The above-named individual Defendants committed overt acts in furtherance of the conspiracy.

**ANSWER:   To the extent the allegations contained in paragraph 175 pertain to this Defendant,  same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

176.    The above-named individual Defendants acted under color of law.

**ANSWER:   In response to the allegations contained in paragraph 176, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leaves Plaintiff to his proofs.**

177.    The conspiracy to deprive Larry Smith of his constitutional rights resulted in damages and injuries to Mr. Smith.

**ANSWER:   To the extent the allegations contained in paragraph 177 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

178.    The conspiracy to deprive Larry Smith of his constitutional rights was undertaken pursuant to Defendant County's policy and/or custom of the WCPO obtaining false statements and false testimony for use against criminal Defendants, as set forth above.

**ANSWER:   The allegations contained in paragraph 178 are denied as untrue in the form and manner alleged and in fact.**

**COUNT V:  42 U.S.C. § 1983 – Failure to Intervene Against Defendant Donaldson, Defendant Childs, Defendant Karvonen, Defendant Mueller, Defendant Love, and Defendant Dembinski**

179.    Larry Smith hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

**ANSWER:   Defendant incorporates by reference paragraphs 1 through 178 as if fully restated herein.**

180.   As set forth above, the above-named individual Defendants unlawfully detained Larry Smith pursuant to legal process, used fabricated evidence against Mr. Smith, and maliciously prosecuted Mr. Smith.

**ANSWER:   To the extent the allegations contained in paragraph 180 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

181.   Each above-named individual Defendant observed and/or had reason to know that Larry Smith was unlawfully detained pursuant to legal process, had fabricated evidence used against him, and was maliciously prosecuted.

**ANSWER:   To the extent the allegations contained in paragraph 181 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

182.   Each above-named individual Defendant had an opportunity to intervene in the unlawful detention of Larry Smith, the use of fabricated evidence against Mr. Smith, and the malicious prosecution of Mr. Smith.

**ANSWER:   To the extent the allegations contained in paragraph 182 pertain to this Defendant,  same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

183.   Each above-named individual Defendant failed to intervene in the unlawful detention of Larry Smith, the use of fabricated evidence against Mr. Smith, and the malicious prosecution of Mr. Smith.

**ANSWER:   To the extent the allegations contained in paragraph 183 pertain to this Defendant,  same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

184.   Each above-named individual Defendant acted under color of law.

**ANSWER:   In response to the allegations contained in paragraph 184, Defendant is without knowledge or information sufficient to**

**form a belief as to the truth of the allegations contained therein**

**and leaves Plaintiff to his proofs.**

185.   The failure to intervene in the constitutional violations suffered

by Larry Smith resulted in damages and injuries to Mr. Smith.

**ANSWER:   To the extent the allegations contained in paragraph**

**185 pertain to this Defendant, same are denied as untrue in the**

**form and manner alleged and in fact. Defendant is without**

**knowledge or information sufficient to form a belief as to the truth**

**of the remaining allegations.**

186.   The failure to intervene in the constitutional violations suffered

by Larry Smith was undertaken pursuant to Defendant County's policy and/or

custom of the WCPO obtaining false statements and false testimony for use

against criminal Defendants, as set forth above.

**ANSWER:   The allegations contained in paragraph 186 are denied**

**as untrue in the form and manner alleged and in fact.**

**COUNT VI:  42 U.S.C. § 1983 – Policy and/or Custom of the WCPO
Fabricating Evidence and Suppressing Evidence Against Defendant
County**

187.   Larry Smith hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

**ANSWER:   Defendant incorporates by reference paragraphs 1 through 186 as if fully restated herein.**

188.   As set forth above, the above-named individual Defendants unlawfully detained Larry Smith pursuant to legal process, used fabricated evidence against Mr. Smith, and maliciously prosecuted Mr. Smith.

**ANSWER:   To the extent the allegations contained in paragraph 188 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.**

189.   As set forth above, Defendant County had/has a policy of the WCPO obtaining false statements and false testimony for use against criminal Defendants and concealing the fact that the statements and testimony were false from courts and criminal Defendants.

**ANSWER:   The allegations contained in paragraph 189 are denied as untrue in the form and manner alleged and in fact.**

190.   As set forth above, Defendant County had/has a custom of tolerance and/or acquiescence of the WCPO obtaining false statements and

false testimony for use against criminal Defendants and concealing the fact

that the statements and testimony were false from courts and criminal

Defendants.

>   **ANSWER:   The allegations contained in paragraph 190 are denied**
>
>   **as untrue in the form and manner alleged and in fact.**

191.   Defendant County made a deliberate choice to have a policy

and/or custom of the WCPO obtaining false statements and false testimony for

use against criminal Defendants and concealing the fact that the statements

and testimony were false from courts and criminal Defendants.

>   **ANSWER:   The allegations contained in paragraph 191 are denied**
>
>   **as untrue in the form and manner alleged and in fact.**

192.   Defendant County's policy and/or custom of the WCPO obtaining

false statements and false testimony for use against criminal Defendants and

concealing the fact that the statements and testimony were false from courts

and criminal Defendants was the moving force behind the unlawful detention

of Larry Smith, the use of fabricated evidence against Mr. Smith, and the

malicious prosecution of Mr. Smith.

>   **ANSWER:   The allegations contained in paragraph 192 are denied**
>
>   **as untrue in the form and manner alleged and in fact.**

193.   Defendant County's policy and/or custom of the WCPO obtaining false statements and false testimony for use against criminal Defendants and concealing the fact that the statements and testimony were false from courts and criminal Defendants caused the unlawful detention of Larry Smith, the use of fabricated evidence against Mr. Smith, and the malicious prosecution of Mr. Smith.

**ANSWER:   The allegations contained in paragraph 193 are denied as untrue in the form and manner alleged and in fact.**

194.   Defendant County's policy and/or custom of the WCPO obtaining false statements and false testimony for use against criminal Defendants and concealing the fact that the statements and testimony were false from courts and criminal Defendants resulted in damages and injuries to Larry Smith.

**ANSWER:   The allegations contained in paragraph 194 are denied as untrue in the form and manner alleged and in fact.**

**COUNT VII:  Michigan State Law – Malicious Prosecution Against Defendant Donaldson, Defendant Childs, Defendant Karvonen,** Defendant Mueller, Defendant Love, and Defendant Dembinski

195.   Larry Smith hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

**ANSWER:   Defendant incorporates by reference paragraphs 1 through 194 as if fully restated herein.**

196.   The above-named individual Defendants caused, initiated, instituted, and/or continued a criminal prosecution against Larry Smith.

**ANSWER:   In response to the allegations contained in paragraph 196, Defendant admits only to the extent that Mr. Donaldson acted as the trial attorney on the criminal case. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 196 and leaves Plaintiff to his proofs.**

197.   The criminal proceedings against Larry Smith terminated in Mr. Smith's favor.

**ANSWER:   The allegations contained in paragraph 197 are denied as untrue in the form and manner alleged and in fact.**

198.   There was no probable cause for causing, initiating, instituting, and/or continuing the criminal prosecution and/or proceeding against Larry Smith.

**ANSWER:   The allegations contained in paragraph 198 are denied as untrue in the form and manner alleged and in fact.**

199.   The above-named individual Defendants caused, initiated, instituted, and/or continued the criminal prosecution and/or proceeding against Larry Smith with malice and/or a purpose other than that of bringing Mr. Smith to justice.

**ANSWER:   To the extent the allegations contained in paragraph 199 pertain to Mr. Donaldson, same are denied as untrue in the form and manner alleged and in fact. As to the remainder of the allegations contained in paragraph 199, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

200.   Larry Smith suffered a deprivation of liberty as a result of the criminal prosecution and/or proceeding.

**ANSWER    To the extent the allegations contained in paragraph 200 pertain to this Defendant, same are denied as untrue.**

201.   Larry Smith suffered a special injury in the form of a seizure of his person.

**ANSWER    To the extent the allegations contained in paragraph 201 pertain to this Defendant, same are denied as untrue.**

202.   The above-named individual Defendants are liable to Larry Smith for treble damages pursuant to Michigan Compiled Laws Annotated 600.2907.

**ANSWER    To the extent the allegations contained in paragraph 202 pertain to this Defendant same are denied as untrue.**

**COUNT VIII:  Michigan State Law – Abuse of Process Against Defendant Donaldson, Defendant Childs, Defendant Karvonen, Defendant Mueller, Defendant Love, and Defendant Dembinski**

203.    Larry Smith hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

**ANSWER:   Defendant incorporates by reference paragraphs 1 through 202 as if fully restated herein.**

204.    The above-named individual Defendants acted with an ulterior purpose in the criminal prosecution and/or proceeding against Larry Smith.

**ANSWER:   To the extent the allegations contained in paragraph 204 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remaining allegations, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

205. The above-named individual Defendants acted improperly and/or irregularly in the use of process during the criminal prosecution and/or proceeding against Larry Smith.

**ANSWER: To the extent the allegations contained in paragraph 205 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remaining allegations, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

206. The above-named individual Defendants' abuse of process resulted in damages and injuries to Larry Smith.

**ANSWER: To the extent the allegations contained in paragraph 206 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remaining allegations, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

**COUNT IX: Michigan State Law – Intentional Infliction of Emotional Distress Against Defendant Donaldson, Defendant Childs, Defendant Karvonen, Defendant Mueller, Defendant Love, and Defendant Dembinski**

207.    Larry Smith hereby re-alleges and incorporates by reference each of the preceding paragraphs as if fully restated herein.

**ANSWER:    Defendant incorporates by reference paragraphs 1 through 206 as if fully restated herein.**

208.    The above-named individual Defendants engaged in extreme and outrageous conduct.

**ANSWER:    To the extent the allegations contained in paragraph 207 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remaining allegations, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

209.    The above-named individual Defendants acted with intent and/or recklessness.

**ANSWER:    To the extent the allegations contained in paragraph 209 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remaining allegations, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

76

210.   The above-named individual Defendants' conduct caused severe emotional distress to Larry Smith.

**ANSWER:   To the extent the allegations contained in paragraph 210 pertain to this Defendant, same are denied as untrue in the form and manner alleged and in fact. As to the remaining allegations, Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to his proofs.**

WHEREFORE, Defendant **ROBERT DONALDSON**, requests that Plaintiff's Complaint be dismissed, together with costs and attorney fees so wrongfully incurred.

Respectfully submitted,

**PLUNKETT COONEY**

By */s/Audrey J. Forbush*
   AUDREY J. FORBUSH  (P41744)
   Attorney for Defendants
   Wayne County and Donaldson
   Plaza One Financial Center
   111 E. Court Street – Suite 1B
   Flint, MI  48502
   (810) 342-7014
   aforbush@plunkettcooney.com

Dated:   February 9, 2022

77

## <u>DEFENDANT ROBERT DONALDSON'S AFFIRMATIVE DEFENSES</u>

Now comes Defendant, **Robert Donaldson**, by and through his attorneys, and for his Affirmative Defenses says as follows:

1.     Plaintiff's claim fails to state a claim upon which relief can be granted for municipal liability claims asserted under 42 U.S.C. § 1983.

2.     The applicable statutes of limitations bar the claim.

3.     The individual Defendant Donaldson is entitled to absolute, qualified, and/or sovereign immunity on the claims asserted under 42 U.S.C. § 1983.

4.     The individual Defendant Donaldson is entitled to governmental and/or prosecutorial immunity for claims asserted under state law.

5.     Plaintiff has failed to mitigate his damages.

6.     Litigating a 27 year old controversy without any prior notice of an intent to pursue civil claims violated Wayne County's rights to due process as the case cannot be fairly litigated.

7.     The criminal proceedings did not terminate in Plaintiff's favor.

8.     Probable cause to charge the Plaintiff existed.

9.      Any injury suffered by Plaintiff was proximately caused by his own wrongdoing. Defendants are not the direct or proximate cause of Plaintiff's damages.

10.     Defendant is or may be entitled to a set off for any financial recovery to Plaintiff in administrative proceedings under the Michigan Wrongful Imprisonment Compensation Act, MCL 691.1751 *et. seq.*

11.     Some or all of Plaintiff's claims may be barred by the Doctrine of Collateral Estoppel.

12.     To the extent applicable, Plaintiff's claims may be barred by the Eleventh Amendment.

13.     Some or all of Plaintiff's claims are or may be barred by waiver release as Plaintiff consented to being interviewed r interrogated and knowingly opted not to have legal counsel present during Plaintiff's interview/interrogation.

14.     Defendant incorporates by reference all Affirmative Defenses asserted by any other Defendant in this case to the extent they are applicable.

15.     Defendant reserves the right to amend his Affirmative Defenses as they become known as the case progresses.

Respectfully submitted,

**PLUNKETT COONEY**

By */s/Audrey J. Forbush*
    AUDREY J. FORBUSH  (P41744)
    Attorney for Defendant
    Wayne County and Donaldson
    Plaza One Financial Center
    111 E. Court Street – Suite 1B
    Flint, MI  48502
    (810) 342-7014
    aforbush@plunkettcooney.com

Dated:  February 10, 2022

<u>DEFENDANT ROBERT J. DONALDSON</u>
<u>RELIANCE UPON DEMAND FOR JURY TRIAL</u>

NOW COMES Defendant, ROBERT J. DONALDSON, by and through its attorneys, PLUNKETT COONEY, and hereby relies upon the demand for trial by jury filed by Plaintiff in the above-entitled cause of action.

Respectfully submitted,

**PLUNKETT COONEY**

By */s/Audrey J. Forbush*
    AUDREY J. FORBUSH  (P41744)
    Attorney for Defendant
    Wayne County and Donaldson
    Plaza One Financial Center
    111 E. Court Street – Suite 1B
    Flint, MI  48502
    (810) 342-7014
    aforbush@plunkettcooney.com

Dated:  February 10, 2022

**PROOF OF SERVICE**

The undersigned certifies that on February 10, 2022, a copy of the foregoing document was served upon parties of record in this matter at their stated address(es) as disclosed in the pleadings herein via:

☐ Hand delivery     ☐ Certified Mail
☐ U.S. Mail          ☐ Facsimile
☐ Email              ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

_____/s/ Bobbie Haidy_____
Bobbie Haidy

Open.28310.20190.28142753-1

81