IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LARRY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 21-cv-12070-DML-APP |
| ) | |
| COUNTY OF WAYNE, ) | |
| ROBERT J. DONALDSON, ) | |
| MONICA CHILDS, GENE KARVONEN, ) | |
| ROGER MUELLER, WALTER LOVE, ) | |
| and JOHN DEMBINSKI, ) | |
| ) | |
| Defendants. ) | |

**THE PARTIES' JOINT SHORT STATEMENT AND
FEDERAL RULE OF CIVIL PROCEDURE 26(f) DISCOVERY PLAN**

In accordance with the Court's Notice to Appear for Case Management Status and Scheduling Conference (ECF No. 22), the parties met and conferred on February 15, 2022, and submit for the Court's consideration, the following Joint Short Statement and Federal Rule of Civil Procedure 26(f) Discovery Plan:

1. **Short Statement**

    **A. Summary of the background of the action and the principal factual and legal issues**

The background of this action is as follows:  In 1994, Larry Smith alleges he was wrongfully arrested and incarcerated in violation of his constitutional rights for nearly 27 years for a crime that he did not commit – the fatal shooting of Kenneth Hayes on March 24, 1994.

On March 25, 1994, Larry Smith was arrested and charged with first-degree murder and possession of a firearm in the commission of a felony for the shooting of Mr. Hayes. Between his detention and trial beginning on November 22, 1994, an investigation was conducted by the Detroit Police Department and Wayne County Prosecutor's Office. Mr. Smith has alleged in his amended complaint, in part, that the investigation and prosecution that followed included fabricated evidence, the use of false testimony from jailhouse informants, and intentional failure to follow legitimate leads to the real killer, as well as failure to investigate exculpatory evidence. Mr. Smith was convicted and sentenced to life in prison without the possibility of parole. He served approximately 27 years of that sentence.

In approximately 2004, the informant that had testified to Mr. Smith's alleged confession in jail contacted Mr. Smith and admitted that he lied at trial. The informant also made Mr. Smith aware of multiple cases where informants such as himself were allegedly used to procure convictions on false testimony of confessions that never happened. This new information was allegedly bolstered by several memorandums within the prosecutor's office detailing this pattern and practice. Based on this new information, Mr. Smith was eventually successful in having his conviction vacated and all charges dismissed on February 4, 2021, and he was released from prison.

The principal factual and legal issues in this matter will include: (1) the extent of each individual Defendant's participation in obtaining and/or concealing alleged fabricated testimony regarding Mr. Smith's confession; (2) the extent of the alleged custom and policy of exchanging reduced sentences and favors such as sex, alcohol, and drugs for false testimony by jailhouse informants used to obtain convictions in difficult cases; and (3) the alleged involvement of the Wayne County Prosecutor's Office and Detroit Police Department officers in actively soliciting fabricated testimony from these informants and concealing that fabricated testimony from innocent defendants, including Mr. Smith.

### B. Outline of proposed discovery

Plaintiff intends to seek written discovery including interrogatories, requests for admissions, and requests for production of documents from each Defendant. Additionally, Plaintiff will take depositions of each Defendants and multiple witnesses. Plaintiff estimates between 15 and 20 depositions.

Defendants intend to seek written discovery including interrogatories, requests for admissions, and request for production of documents to Plaintiff. Defendants will take the depositions of Plaintiff, his family, and multiple witnesses related to the homicide and investigation. Defendants' estimate 10 depositions.

### C. Description of any outstanding or anticipated discovery disputes, and the basis for any objection

There are no current discovery disputes and the parties hope to avoid any such disputes in the prosecution of this action.

**D. Disclosure of insurance available to satisfy part or all of a judgment, including indemnification agreements**

For Plaintiff, none.

Defendants will make insurance information available to Plaintiff and will address same in Initial Disclosures.

**E. Proposed management plan, including a schedule setting discovery cut-off and trial dates**

Please see Section F of the parties' Discovery Plan set forth below:

2. **Discovery Plan (FRCP 26(f)):**

   A. The parties agree that no changes are needed to the timing, form, or requirement for disclosures under Rule 26(a). Initial disclosures will be made on or before **March 4, 2022.**

   B. The parties have agreed discovery may be needed on the following subjects:

   i. The alleged unlawful detention of, use of fabricated evidence against, and the malicious prosecution of Larry Smith for the murder of Kenneth Hayes;

   ii. The individual Defendants' knowledge of Larry Smith;

   iii.  The Wayne County Prosecutor's Office and Detroit Police Department's alleged policy and custom of obtaining false testimony and false statements for use against criminal defendants; and

   iv.  Larry Smith's injuries and damages.

The parties agree that non-expert discovery shall be completed by **November 1, 2022**, and that discovery shall not be conducted in phases or focused on particular issues.

  C. The parties agree that there are no issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced. Defendants use a ShareFile program that produces pdf files, which is acceptable to Plaintiff. Further, all parties agreed to accept electronic service of discovery materials.

  D. The parties agree that if any issues about claims of privilege or of protection as trial-preparation materials, such as the need for a protective order regarding sensitive information on the individual Defendants, the parties will work together to agree upon a protective order and submit it to the Court. The parties will timely assert any claims of privilege and provide a privilege log. The parties will attempt to resolve any disputes regarding privilege claims amongst themselves and will seek the Court's assistance if they are unable to resolve the dispute.

E. The parties agree on the following limitations on discovery:

   i. 25-Interrogatories shall be the limit, as set forth in Civil L.R. 33(a)(1);

   ii. 1 day of 7 hours shall be the limit for depositions, as set forth in Fed. R. Civ. P. 30(d)(1); and

   iii. The 10 deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) shall be changed to 20 depositions, due to the number of witnesses and Defendants involved in this case. The parties have agreed that some depositions shall be taken by Zoom when possible.

F. The parties agree upon and respectfully request that the Court issue the following orders under Fed. R. Civ. P 26(c) or under Fed. R. Civ. P 16(b) and (c):

   i. Non-expert discovery cutoff: **November 1, 2022;**

   ii. Expert disclosure including report deadline: **February 1, 2023;**

   iii. Rebuttal expert deadline: **May 1, 2023;**

   iv. Expert discovery deadline: **June 1, 2023;**

   v. Dispositive motions deadline: **June 1, 2023; and**

   vi. Trial Date: **To be determined by the Court.**

Date:  February 18, 2022

Respectfully Submitted,

***Larry Smith, Plaintiff:***

s/Jarrett Adams
THE LAW OFFICE OF JARRETT ADAMS, PLLC
40 Fulton Street, Floor 7
New York, NY 10038
T: & F: (646) 880-9707
E: JAdams@JarrettAdamsLaw.com
New York State Bar Number 5455712

Pamela L. Campbell
RICE LAW PLLC
23205 Gratiot #303
Eastpointe, MI 48021
T:  (855) 726-5292
E:  Pam.rice.law@gmail.com
Michigan State Bar Number P75243

***County of Wayne, Robert J. Donaldson, Defendants:***

/s/ Audrey F. Forbush
AUDREY J. FORBUSH  (P41744)
**PLUNKETT COONEY**
Plaza One Financial Center
111 E. Court Street - Suite 1B
Flint, MI  48502
(810) 342-7014
(810) 232-3159 - fax
aforbush@plunkettcooney.com


///
///

***<u>Monica Childs, Gene Karvonen, Roger Mueller, Walter Love, And John Dembinski, Defendants:</u>***

<u>*/s/ James R. Acho*</u>
James R. Acho (P62175)
Shane R. Nolan (P78008)
Cummings, McClorey, Davis & Acho, PLC
17436 College Parkway
Livonia, MI  48152
(734) 261-2400
jacho@cmda-law.com
snolan@cmda-law.com

OPEN.00560.13856.28220255-1