UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY SMITH,

        Plaintiff,                         Case No. 2:21-cv-12070
                                                    District Judge David M. Lawson
v.                                                 Magistrate Judge Anthony P. Patti

COUNTY OF WAYNE, *et al.*,

        Defendants.
_____/

### ORDER DENYING THE DPD DEFENDANTS' MOTION TO COMPEL (ECF No. 34) AND QUASHING THE JANUARY 7, 2022 AND MARCH 3, 2022 SUBPOENAS

This matter came before the Court for consideration of the motion to compel the production of unredacted memoranda prepared by the Wayne County Prosecutor's Office – Conviction Integrity Unit (WCPO-CIU), filed by Defendants Monica Childs, Gene Karvonen, Roger Mueller, Walter Love, and John Dembinski (hereinafter the DPD Defendants) (ECF No. 34), Defendant Wayne County's response in opposition and motion to quash the DPD Defendants' subpoena (ECF No. 37), and the joint list of unresolved issues (ECF No. 41).[1] Judge Lawson referred the motion to me for a hearing and determination. (ECF No. 35.) A

---

[1] The DPD Defendants also filed a reply brief stricken by the Court for failure to comply with the deadline and length requirements set forth in E.D. Mich. Local Rule 7.1(d)(3)(B) and (e)(2)(C). (ECF Nos. 42 & 43.)

hearing was held on September 16, 2022, at which counsel for Plaintiff, the DPD Defendants, and Defendant Wayne County appeared, and the Court entertained oral argument regarding the motion.

Upon consideration of the motion papers and oral argument, <u>and for all of the reasons stated more fully on the record by the Court, which are hereby incorporated by reference as though restated herein</u>, the Court **DENIES** the DPD Defendants' motion to compel (ECF No. 34), and **QUASHES** both their January 7, 2022 subpoena (ECF No. 34-2), and March 3, 2022 subpoena, the latter of which was only brought to the Court's attention at the hearing.  The Court does so first on the basis of the subpoenas' technical deficiencies.  The DPD Defendants do not dispute that the January 7 subpoena was issued to the Wayne County Prosecutor's Office, an entity within Defendant Wayne County, pursuant to Fed. R. Civ. P. 45 prior to the parties' Fed. R. Civ. P. 26(f) conference, in violation of Fed. R. Civ. P. 26(d)(1) and in circumvention of the discovery process set forth in Fed. R. Civ. P. 34.  And although the Court sees no evidence of nefarious intent, the DPD Defendants also do not dispute that they failed to provide requisite notice to Defendant Wayne County under Fed. R. Civ. P. 45(a)(4) before service of the March 3 subpoena.  The Court will not enforce subpoenas which circumvent the requirements and protections of Rules 26(d)(1), 34 and 45(a)(4).  *See Stokes v.*

*Xerox Corp.*, Case No. 05-71683, 2006 WL 6686584, *3 (E.D. Mich. Oct. 5, 2006).

Additionally, the Court denies the instant motion on the merits. In so doing, the Court finds no need for *in camera* review of the unredacted memoranda, as Defendant Wayne County submitted an adequate privilege log (ECF No. 37-3), and the type of material redacted from the memoranda fits comfortably within the work product privilege. The memoranda at issue, prepared by the CIU as part of Plaintiff's exoneration investigation, were no doubt prepared both in the context of then pending criminal proceedings and in anticipation of future civil litigation. As the Court explained on the record, it would be nonsensical *not* to assume that an exonerated individual will file suit upon release after being deprived of their liberty for years. And the Court finds no waiver of the work product privilege here. The DPD Defendants have not presented, nor has the Court found, any authority compelling the conclusion that waiver and disclosure of similar material in a different case involving a different exonerated individual constitutes waiver of the privilege in this case. *See, e.g., In re King's Daughters Health System*, 31 F.4th 520, 527 (6th Cir. 2022).

Further, the Court agrees with Defendant Wayne County's assertion (ECF No. 37, PageID.534) that the deliberative process privilege applies here, and that granting the DPD Defendants' motion would have a chilling effect on the

incredibly important service performed by the CIU – investigating the possibility of exoneration – and the quality of its analysis, opinions and recommendations. Indeed, "[t]he ultimate purpose of this long-recognized privilege is to prevent injury to the quality of agency decisions." *E.E.O.C. v. Texas Hydraulics, Inc.*, 246 F.R.D. 548, 551 (E.D. Tenn. 2007) (quotation marks and citation omitted); *see also, Dep't of Interior & Bureau of Indian Affs. v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001) ("The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions' . . . by protecting open and frank discussion among those who make them within the government.") While the Court recognizes that the privileges discussed herein are not absolute and that the deliberative process privilege is to be narrowly construed, *Gen. Motors Corp. v. United States*, No. 07-14464, 2009 WL 5171807, at *1 (E.D. Mich. Dec. 23, 2009) (Roberts, J.), the Court finds that the DPD Defendants have not met their burden of establishing that they have a substantial need for the unredacted memoranda that outweighs the interest in protection of such material. *See In re Columbia/HCA Healthcare,* 293 F.3d 289, 294 (6th Cir. 2002); *Texas Hydraulics*, 246 F.R.D. at 552; *Redland Soccer Club, Inc. v. Dep't of Army*, 55 F.3d 827, 854 (3d Cir. 1995). Moreover, the Court fails to see how the mental impressions and opinions


apparently comprising the redacted portions of the memoranda are relevant and discoverable under Fed. R. Civ. P. 26(b)(1), especially in light of the fact that the unredacted portions contain those facts leading to exoneration.  *See Thompson v. Clark*, 142 S.Ct. 1332, 1341 (2022) (a plaintiff in a malicious prosecution case under § 1983 need not show "that the criminal prosecution ended with some affirmative indication of innocence" but only that it ended "without a conviction").

Finally, the Court awards no costs, as the instant motion was substantially justified by the integrity of the arguments and the need for a judicial ruling. Furthermore, it would be otherwise unjust to award them in these circumstances. *See* Fed. R. Civ. P. 37(a)(5)(B).

**IT IS SO ORDERED.**

Dated: September 19, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE