UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DARNELL SMITH, JR.,

        Plaintiff,

v.

COUNTY OF WAYNE,
ROBERT J. DONALDSON,
MONICA CHILDS,
GENE KARVONEN,
ROGER MUELLER,
WALTER LOVE, and
JOHN DEMBINSKI,

        Defendants.
_____/

Case No. 2:21-cv-12070
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

**ORDER: (1) GRANTING NON-PARTY CITY OF DETROIT'S MOTION TO QUASH NOTICE OF DEPOSITION REGARDING MICHAEL E. DUGGAN (ECF No. 78) and ISSUING A PROTECTIVE ORDER; (2) GRANTING PLAINTIFF'S MOTION TO STRIKE (ECF No. 86); and, (3) DIRECTING THE CLERK OF THE COURT TO STRIKE DEFENDANTS WAYNE COUNTY AND DONALDSON'S RESPONSE (ECF No. 84) AS UNTIMELY AND UNAUTHORIZED**

**A.**  **Background**

This case stems from Larry Darnell Smith, Jr.'s 1994 detention, trial, conviction, and sentencing in *People v. Smith*, Case No. 94-003857-01-FC (Detroit Recorders Court / Wayne County Circuit Court). (ECF No. 23, ¶¶ 13-59.) Smith initiated post-conviction proceedings with a December 1994 motion for a new trial,

1

and his relief efforts continued for a years-long period. *See* Case No. 94-003857-01-FC (Detroit Recorders / Wayne County Circuit).

Smith alleges that, in 2003, a trial witness recanted his testimony, and, in 2008, "the significant error rates by the DPD Crime Laboratory became public knowledge . . . ." (ECF No. 23, ¶¶ 60-61.) From May 2004 to October 2013, the state courts denied Plaintiff's motions for relief from judgment, to remand back to the trial court for further proceedings, and for leave to file a delayed appeal. *See* Case No. 94-003857-01-FC. However, on February 4, 2021, the state trial court "terminated the criminal proceedings against Larry Smith in his favor by vacating his convictions, dismissing all charges against him, and ordering that he immediately be released from prison." (ECF No. 23, ¶ 64.) He was released from prison that day. (*Id.*, ¶ 65.)

**B.     Instant Lawsuit**

Smith initiated this lawsuit on September 3, 2021. He sues seven Defendants – *i.e.*, the County of Wayne, Assistant Prosecuting Attorney (APA) Donaldson, Detroit Police Department (DPD) Detective Childs, and DPD Police Officers Karvonen, Mueller, Love, and Dembinski. (ECF No. 23, ¶¶ 6-12.) Plaintiff suggests the Wayne County Prosecutor's Office (WCPO) had/has an unconstitutional policy and/or custom of "obtaining false statements and false testimony for use against criminal Defendants." (*Id.*, ¶¶ 70-152.) His causes of

2

action include unlawful detention, fabrication of evidence, malicious prosecution, conspiracy, failure to intervene against the individual Defendants (*id.*, ¶¶ 153-186), a claim against Wayne County based on the policy and/or custom of the WCPO (*id.*, ¶¶ 187-194), and several state law claims (*id.*, ¶¶ 195-210).

**C.     City of Detroit Mayor Michael E. Duggan's Affidavits**

Michael E. Duggan was the Deputy County Executive from 1987 to 2000, the Wayne County Prosecutor from 2001-2004, after which he became president and chief executive officer of the Detroit Medical Center.  (ECF No. 78-1, ¶¶ 3-4.) In November 2013, he was elected Mayor of the City of Detroit, has twice been re-elected, and continues to serve in that role.  (*Id.*, ¶ 5.)

Discovery in this case concluded on May 30, 2023 (ECF No. 72), although the parties later stipulated to extend the fact discovery deadline to June 30, 2023 (ECF Nos. 76, 77).  At some point, although the means are not clear, Plaintiff sought Duggan's deposition.  On June 23, 2023, Duggan executed an affidavit, attesting, *inter alia*:

- I have no recollection of ever hearing about any Wayne County Prosecutor's homicide files going missing or being destroyed. *To the best of my recollection, my activities at Wayne County, in my role as Prosecutor or otherwise, did not include records retention issues.*  To the best of my recollection, at no time while working at Wayne county, in my role as Prosecutor or otherwise, did I hear anything about or did I have any involvement with allegedly missing or destroyed homicide files.

3

> - *There are many other individuals who worked at the Prosecutor's office both before, during and after my tenure who handled administrative issues such as records retention*, and they would have far more knowledge than would I about any alleged missing or destroyed homicide files.

(ECF No. 78-1, ¶¶ 9-10 (emphases added).)  In a July 11, 2023 supplemental affidavit, Duggan further attests, "[b]ecause of my duties as Mayor of Detroit, and because I have no knowledge of alleged mass destruction of homicide files, it would be unduly burdensome and prejudicial to the City to require my attendance at a deposition." (ECF No. 85-1, ¶ 5.)

### D.  Instant Motions

Currently before the Court are two motions:  (1) non-party City of Detroit's June 26, 2023 motion to quash notice of deposition regarding Michael E. Duggan (ECF No. 78), as to which Plaintiff filed a response on July 10, 2023 (ECF No. 83), Defendants Wayne County and Donaldson filed a "response" *to Plaintiff's response* on July 18, 2023 (ECF No. 84) (which would be tardy even as a reply), and non-party City of Detroit filed a *tardy* reply on July 20, 2023 (ECF No. 85);[1] and, (2) Plaintiff's July 20, 2023 motion (ECF No. 86) to strike Defendants Wayne County and Donaldson's response (ECF No. 84).

---

[1] Any reply to Plaintiff's Monday, July 10, 2023 response (ECF No. 83) was due on Monday, July 17, 2023, *see* E.D. Mich. LR 7.1(e)(1)(B), but Plaintiff did not move to strike it, and the Court has considered it.

4

Judge Lawson has referred each of these motions to me for hearing and determination. (ECF Nos. 74, 81, 87.) On July 25, 2023, I conducted an in person hearing, at which Attorneys Pamela Campbell, Jarrett Adams, Audrey J. Forbush (who observed from the gallery only), Michael Dean Hanchett, and Krystal A. Crittendon appeared. (ECF Nos. 75, 82.) Following oral argument, I issued rulings from the bench.

**E.      Reasoning and Order**

    **1.      Motion to quash (ECF No. 78)**

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Non-party City of Detroit's motion to quash (ECF No. 78) is **GRANTED**. The Court reiterates or expounds upon some of its reasoning here. As stated on the record, the City of Detroit has standing to bring this motion on behalf of its highest ranking official. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) ("undue burden"), *Arndt v. Ford Motor Co.*, No. 2:15-CV-11108, 2016 WL 1161444, at *2 (E.D. Mich. Mar. 24, 2016) (Patti, M.J.); *Ward v. County of Wayne, et al.*, Case 2:21-cv-12742-PDB-EAS (E.D. Mich. July 19, 2023) (Stafford, M.J.) (ECF No. 85, PageID.1512, therein). Alternatively, the Court takes up this issue *sua sponte* under Fed. R. Civ. P. 26(b)(2)(C)(i),(ii), having explained on the bench its findings under the rule that: (1) the deposition of Mayor

Duggan would be "unreasonably cumulative or duplicative," the information "can be [or could have been] obtained from some other source that is more convenient" and "less burdensome," and, (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action[.]" *Id*. While the Court appreciates Plaintiff's position about the difficulty he has experienced during the discovery process with respect to the record retention policy and practices he deems so significant, some potentially fruitful opportunities were not taken. For example, prior to the discovery deadline, Plaintiff could and should have deposed the proffered Kevin Simowski, the WCPO Chief Operating Officer under the Duggan Administration, under either Fed. R. Civ. P. 30 or 31, *e.g.*, asking Simowski if he could answer document retention questions or identifying through him who else could do so. Consequently, no additional discovery is ordered.

      The City of Detroit, on behalf of Mayor Duggan, is entitled to a protective order "enjoining Plaintiff from taking the deposition of Michael E. Duggan." (ECF No. 78, PageDI.1257.) The Court is the gatekeeper of discovery, and good cause exists to protect Mayor Duggan from deposition, specifically, "to protect a . . . person from annoyance, . . . oppression, or undue burden . . . ." Fed. R. Civ. P. 26(c)(1). Not only is the Court reluctant to open Pandora's Box where depositions of a sitting mayor are concerned, but also, in this particular case, Duggan's affidavits state, under oath, that he does not have personal knowledge, although

others may. Thus, the notice of deposition is **QUASHED**, and a protective order is **ENTERED** against taking the deposition of Michael E. Duggan.

Alternatively, although "it is not clear" whether the "apex doctrine" test "extends to" depositions involving "high-ranking government officials," *EMW Women's Surgical Center, P.S.C.,* Case No. 17CV-00189), 2017 WL 3749889 *2 (W.D. Ky. Aug. 20, 2017), Plaintiff has failed to show that "extraordinary circumstances" exist requiring a different result or that the Apex Doctrine should not be applied to government officials, let alone to this particular one under these particular circumstances. *See United States v. Morgan*, 313 U.S. 409, 422 (1941); *Serrano v. Cintas Corp.*, 699 F.3d 884, 893–94 (6th Cir. 2012); and, *Overall v. Oakland Cnty.*, No. 20-12869, 2022 WL 351068, at *2 (E.D. Mich. Feb. 4, 2022) (Ivy, M.J.). *See also Coleman v. Schwarzenegger,* Nos. CIV S-90-0520, CO1-1351, 2008 WL 4300437, at *2 (E.D. and N.D. Cal. Sept. 15, 2008) ("the settled rule across the circuits is that absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions.") In any case, Mayor Duggan's lack of knowledge, the presence of other witnesses likely to have more knowledge than he does, and the burden to the highest ranking official in the largest municipality in the State of Michigan warrant protection in this instance. *See Davis v. SIG Sauer*, Case No. 3:22-CV-110, 2023 WL 3292869, *2-3 (E.D. Ky. May 5, 2023).

**2.     Motion to strike (ECF No. 86)**

Plaintiff's July 20, 2023 motion to strike (ECF No. 86) is **GRANTED.** Defendants Wayne County and Donaldson's July 18, 2023 response (ECF No. 84) is tardy as a response to the motion (ECF No. 78), there is no vehicle to respond to a response, and, even as a reply, it was tardy; accordingly, the Clerk of the Court is **DIRECTED** to strike the response (ECF No. 84).

   **IT IS SO ORDERED.**[2]

Dated: July 27, 2023

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).